IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Shawn E. Knox, | ) | |
| | ) | C.A. No. 0:03-3589-HMH-BM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jasper County, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bristow Marchant, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02.[1] In his complaint, Shawn E. Knox ("Knox") asserts federal claims pursuant to 42 U.S.C. §§ 1983 and 1985 ("federal claims") and state law claims for negligence and negligent supervision and hiring pursuant to the South Carolina Tort Claims Act ("SCTCA claims"), South Carolina Code of Laws Section 15-78-10 et seq. Jasper County (the "Defendant") filed a motion to dismiss. Magistrate Judge Marchant recommends denying the Defendant's motion. The Defendant filed objections to the Magistrate Judge's Recommendation. After review and for the reasons below, the court adopts the Magistrate Judge's Report and Recommendation denies the Defendant's motion to dismiss.

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On October 19, 2001, while a pretrial detainee at the Jasper County Detention Center, Knox was attacked and severely injured by other detainees. (Compl. ¶¶ 5, 9.) As a result of his injuries, Knox was comatose for nearly two weeks and underwent two craniotomies. (Id. ¶¶ 15, 17-18.) Knox alleges that the Defendant failed to properly evaluate him before placing him with other violent detainees and failed to intervene during the attack. (Pl.'s Mem. Opp'n Mot. Dismiss 1.)

Knox filed this action in the Court of Common Pleas for Jasper County, South Carolina on October 13, 2003. The Defendant removed the action to federal court on November 13, 2003. On April 8, 2005, the Defendant filed a motion to dismiss on the grounds that Knox failed to exhaust his administrative remedies prior to initiating this lawsuit. In the Report dated October 6, 2005, Magistrate Judge Marchant recommends denying the Defendant's motion to dismiss because the Defendant waived the affirmative defense of exhaustion. On October 13, 2005, the Defendant filed objections to the Report and Recommendation.

## II. DISCUSSION OF THE LAW

The Magistrate Judge recommends dismissing the Defendant's motion for the following reasons: (1) the Defendant waived the affirmative defense of exhaustion with respect to the federal claims; and (2) Knox was not required to exhaust his administrative remedies with respect to the SCTCA claims, and even if exhaustion were required, the Defendant waived the exhaustion defense on the SCTCA claims as well.

### 1. Federal claims

The Defendant specifically objects to the Magistrate Judge's conclusion that it waived the defense of exhaustion with respect to the federal claims. First, the Defendant argues that the exhaustion defense was affirmatively pled because the answer includes the affirmative defense of failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and lack of subject matter jurisdiction. (Objections 3.) "[A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005); see also Fed. R. Civ. P. 8(c). The Defendant's assertion of a defense for failure to state a claim and lack of subject matter jurisdiction in the answer did not place Knox on notice of an exhaustion defense. As such, the court finds that the Defendant did not affirmatively plead exhaustion as a defense in the answer.

In addition, the Defendant, quoting United States Cold Storage, Inc. v. City of Lumberton, argues that "[a]bsent unfair surprise or prejudice to the plaintiff, a defendant's affirmative defense is not waived when it is first raised in a pre-trial dispositive motion." No. 01-2197, 2002 WL 832200, *5 (4th Cir. May 2, 2002) (unpublished) (internal quotations omitted); (Objections 4-5.). The Defendant relies on Chase v. Peay, 286 F. Supp. 2d 523 (D. Md. 2003), to support its position that Knox has not been unfairly prejudiced. In Chase, the defendants asserted exhaustion as an affirmative defense in their answer, but waited over two years to raise the issue in a motion for summary judgment. Id. at 531-32. The district court found that the defendants had not waived the right to invoke the exhaustion defense because Chase was not surprised by the assertion of the defense given that it was affirmatively pled in

the Defendant's answer to Chase's amended complaint. Id. at 531-32. This case is wholly distinguishable from the case at bar because the Defendant did not affirmatively plead the exhaustion defense.

In the case at bar, the court finds that Knox would be prejudiced. The Defendant did not raise the exhaustion issue until seventeen months after removing this case to federal court. Knox and the Defendant have engaged in extensive discovery. Further, if the court dismissed this case, Knox would be precluded from filing suit under the applicable statute of limitations, as over three years have passed since the incident. S.C. Code Ann. § 15-3-530(5) (2005); Wilson v. Garcia, 471 U.S. 261, 275 (1985), superseded by statute as stated in, Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369 (2004); Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000) (noting that the court "look[s] to the general, residual statute of limitations for personal injury actions" for both § 1983 and § 1985 claims). Based on the foregoing, the court finds that the Defendant has waived the exhaustion defense with respect to the federal claims.

### 2. SCTCA claims

Second, the Defendant objects to the Magistrate Judge's conclusion that Knox was not required to exhaust his administrative remedies prior to asserting the SCTCA claims in this lawsuit. However, the Magistrate Judge also found that, even if Knox was required to exhaust his administrative remedies, the Defendant waived the defense of exhaustion with respect to the SCTCA claims because the Defendant did not affirmatively plead the defense. The Defendant did not object to this portion of the Report.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including

4

appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). As such, the court adopts the recommendation of the Magistrate Judge that the Defendant waived the right to assert the exhaustion defense with the respect to the SCTCA claims. However, the court notes that, even if the Defendant had specifically objected, the Defendant waived the exhaustion defense to the SCTCA claims for the reasons discussed above. See S.C. R. Civ. P. 8(c); Whitehead v. State, 574 S.E.2d 200, 202 (S.C. 2002) (noting that the failure to plead an affirmative defense results in a waiver of the defense). Therefore, after a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts Magistrate Judge Marchant's Report and Recommendation.

Therefore, it is

**ORDERED** that the Defendant's motion to dismiss, Document number 11, is denied.

**IT IS SO ORDERED**.


s/ Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
October 26, 2005

5